**Darren Robert Hatch**
Texas Bar No 24047386
Reagan McLean & Hatch, LLP
6510 Abrams Road
Suite 300
Dallas, TX 75231
(214) 691-6622
(214) 691-2984 fax
darren@reaganmclain.com
*Attorney for Carl David Adams, Esquire*

**Carl David Adams**
Texas Bar No. 00850600
6440 N. Central Expressway
Suite 505
Dallas, TX 75206
(214) 468-3032
(214) 871-5090 facsimile
carldavidadams@hotmail.com
*Pro se*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| **In re:** § § | | |
| **JERRY ARTHO** § **(d/b/a ARTHO CATTLE),** § § | Case No. 15-20046-rlj-12 | |
| **Debtor.** § § | | |
| **JERRY D. ARTHO (d/b/a ARTHO CATTLE),** § § § § **Plaintiff** § § **v.** § § **HAPPY STATE BANK, et al,** § § **Defendants.** § § § | Adversary Proceeding No. 17-02002-rlj | |

## MOTION OF ATTORNEY ADAMS TO
## REOPEN TIME FOR APPEAL OF ORDER OF SEPTEMBER 24, 2018

**NOW COMES former Plaintiff's Attorneys, Carl David Adams,** and

files his Motion to Reopen Time for Appeal of this Court's Order of September 24,

**Attorney's Motion to Reopen Time for Appeal, Page 1.**

2018, under Rule 4 (a)(6) of Federal Rules of Appellate Procedure, and in support would show the Court the following:

## I.

## PROCEDURAL STATUS

1.Movant, Carl David Adams, Esquire, (Adams) was an attorney of record in this Court for Plaintiff, Jerry Artho, from approximately April 25, 2017, until approximately June 18, 2018, when this Court granted a motion to withdraw by Attorneys, Dennis Olson (Olson) and Adams, in the above entitled and numbered adversary proceeding then pending in this Court and styled <u>Jerry Artho v. Happy State Bank, et al.</u> (Adversary Proceeding #17-02002-rlj).

2.On March 30, 2018, this Court Granted the motions to dismiss of Defendants, Happy State Bank (HSB), Panhandle Enterprises, Inc., OPR H2O, LLC, Outpost Ranches, Ltd. and Shannon Burdett (the non-Bank Defendants) filed under <u>Federal Rules of Civil Procedure</u> 12 (b) (6) and <u>Federal Rule of Civil Procedure</u> 9 (b).

3.This Court conducted an evidentiary hearing on May 15, 2018 on a motion to reconsider the dismissal of his claims, filed by Jerry Artho, *pro se*, and on the motions for sanctions filed by HSB and the non-Bank Defendants against Artho, Adams and Olson.

4. At the end of the hearing conducted May 15, 2018, this Court announced that it was taking all matters before the Court at the time of that hearing "under advisement."

5. On June 19, 2018, this Court entered its Order granting motion to withdraw as attorney as to both Attorneys Adams and Olson, and issued notices thereof, according to the Court's Docket Sheet, on June 21, 2018.

6. This Court's June 19, 2018 Order (granting the motion to withdraw of attorneys Adams and Olson) was, in truth and in fact, the very last notification and/or document received by Movant, Carl David Adams, Esquire, in this adversary proceeding, directly from the Court.

7. On Monday, February 4, 2019, Movant Adams, while investigating a recital in the *pro se* Answer filed by Artho in a collection case filed by Movant Adams in the 95th District Court of Dallas County, Texas against Artho, seeking to collect unpaid fees, of the filing of that same Answer in a *different* civil matter filed by Artho in the U.S. District Court of the Northern District of Texas (Dallas Division) (i.e. Case #2:19-cv-00002-D) discovered that Artho had filed a new matter[1] in the U.S. District Court of Sidney A. Fitzwater.

---

[1] Likely an appeal of this Court's Order of September 24, 2018.

**Attorney's Motion to Reopen Time for Appeal, Page 3.**

8. Movant Adams immediately telephoned his former co-counsel in the <u>Artho v. Happy State Bank, et al</u>. adversary proceeding (Dennis Olson),[2] to ask about whether he was aware of the filing of any new litigation in the federal court of Judge Fitzwater in the above numbered U.S. District Court filing.

9. During that telephone conversation, which took place on the afternoon of Monday, February 4, 2019, Movant Adams learned, for the very first time, that this Court had entered this Court's Order dated September 24, 2018, granting, among other things, monetary sanctions against Attorneys Adams and Olson for alleged misconduct in their prior actions while serving as attorney for Plaintiff Artho in the adversary proceeding identified above.

10. Movant Adams immediately requested that Attorney Olson send him a copy of the Order of September 24, 2018, and initiated his own investigation to identify and obtain a signed copy of this Court's Order of September 24, 2018, entered of record on September 25, 2018.

11. Prior to the afternoon of Monday, February 4, 2019, Movant Adams had no information whatsoever to suggest that this Court's Order of September 24, 2018 had been entered, and had not received either a copy of that Order or any information that would have suggested the existence of that Order from any 3rd party source.

---

[2] Who was in the process of retiring from many years of successful Bankruptcy practice in Dallas, Texas, scaling back that Bankruptcy Practice, and moving to Tyler, Texas in the spring of 2018.

**Attorney's Motion to Reopen Time for Appeal, Page 4.**

12. Attached to this Motion as Exhibit "A," and incorporated by reference herein for all purposes, is the Affidavit of Movant, Carl David Adams, Esquire, setting forth, under oath, the specifics of when and how he learned, for the first time, of the existence of this Court's Order of September 24, 2018, on the afternoon of Monday, February 4, 2019.

13. Also attached to this Motion as Exhibit "B," and incorporated by reference herein for all purposes, is the Affidavit of Attorney, Dennis Olson, Esquire, setting forth, under oath, the specific details of his recollection of the telephone conversation between himself and Adams on Monday, February 4, 2019, and the details regarding when and how he stated to Adams, the details of the rulings of this Court's Order of September 24, 2018, and why he was, at the time, under the good faith belief and impression that Adams was entirely unaware of that Order prior to the time of their telephone conversation on February 4, 2019.

## II.
## **RELIEF REQUESTED**

14. Movant Adams hereby requests, pursuant to Rule 4 (a) (6), of <u>Federal Rules of Appellate Procedure</u>, that this Court reopen the time for Movant Adams to file an appeal of this Court's Order of September 24, 2018.

15. In support of this Motion, Movant Adams would show that he did not receive notice of the Order of September 24, 2018, within 21 days after the entry of that order.

16. Movant Adams would further show that this Motion is being filed within 180 days after the September 24, 2018 Order of this Court and within 14 days after Movant Adams received actual notice, on the afternoon of Monday, February 4, 2019, of this Court's Order of September 24, 2018.

17. Movant Adams would further show that the granting of this Motion would not prejudice any party to this litigation.

### III.

### GROUNDS FOR RELIEF

18. Rule 4 of Federal Rules of Appellate Procedure, states, in subpart (a)(6), the following:

> **(6) Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all of the following conditions are satisfied:
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

19. Notice of the entry of a judgment or order must actually be received. In re WorldCom, Inc., 708 F.3d 327, 334-35 (2nd Cir. 2013) (FRAP 4 (a) (6) refers to actual receipt not simply effective service). Also see *O'Connor's Federal Rules*Civil Trials (2016)*, Chapter 10, subpart H, Pages 914 – 918.

20. When the court record shows that the clerk sent the notice, such proof establishes a rebuttable presumption that the notice was received by the addressee. Nunley v. City of L.A., 52 F.3d 792, 796 (9th Cir. 1995) (Nunley). The burden of proving nonreceipt of the notice is on the party seeking to reopen the time for appeal. McDonald v. Moore, 292 F.3d 1304, 1307 (11th Cir. 2002). Once the movant presents evidence that the movant did *not* receive the notice, however, the presumption of receipt disappears. Nunley, *supra*, at 796.

21. The standard to be used by a district court to consider a motion to reopen the time for appeal under FRAP 4 (a) (6) is less onerous than either good cause or excusable neglect (the standards for a motion to extend the time to file a notice of appeal under FRAP 4 (a) (5)). Nunley, *supra*, at 797-98 (denial of extension under FRAP 4 (a) (6) cannot be based on inexcusable neglect).

22. In the attached Affidavit of Attorney Olson, a seasoned bankruptcy attorney with many decades of experience in bankruptcy courts throughout the Northern District of Texas and beyond, he states that he does not believe the Docket Sheet of the Court in this adversary proceeding contains any affirmative unambiguous evidence that the clerk recorded, on the Docket Sheet of the Court, any affirmative service on Attorney Adams of the Court's Order of September 25, 2018.

23. Under such circumstances, Movant believes this Court should grant this Motion, and reopen, for a period of 14 days, the time for Movant Adams to file a notice of appeal of this Court's Order of September 25, 2018.

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 624 SOUTH POLK STREET, AMARILLO, TEXAS 79101, BEFORE THE CLOSE OF BUSINESS ON MARCH 8, 2019, WHICH IS AT LEAST TWENTY-ONE (21) DAYS FROM THE SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTIONS IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Respectfully submitted,

 /s/ *Darren Robert Hatch*
Darren Robert Hatch
State Bar No. 24047386

REAGAN MCLAIN & HATCH, LLP
White Rock Tower, Suite 300
6510 Abrams Road
Dallas, Texas  75231
(214) 691-6622
(214) 691-2984 (fax)
darren@reaganmclain.com

*Attorney for Carl David Adams, Esquire*

THE LAW OFFICES OF
CARL DAVID ADAMS
6440 North Central Expressway, Suite 690
Dallas, Texas  75206
(214) 468-3032 phone
(214) 871-5090 fax

/s/ *Carl David Adams*
Carl David Adams
State Bar #00850600
*Pro se*

**Attorney's Motion to Reopen Time for Appeal, Page 9.**

## CERTIFICATE OF CONFERENCE

On February 15, 2019, at approximately 3:25 p.m., counsel for Adams and counsel for the Defendant, Happy State Bank, John H. Lovell, conducted a telephone conference regarding the relief requested in this Motion; and Mr. Lovell informed counsel for movant that Happy State Bank is opposed to the relief requested herein.

On February 15, 2019, at approximately 3:10 p.m., counsel for Adams attempted to conduct a telephone conference with counsel for the Defendants, Panhandle Enterprises, Inc., OPR H2O, LLC, Shannon T. Burdett, and Outpost Ranches, Ltd., Thomas C. Riley; counsel for Adams, however, was unable to conference with Mr. Riley because Mr. Riley's assistant informed counsel that Mr. Riley will be out of the office for about a week; Mr. Riley's clients are presumably opposed to the relief requested herein.

Counsel for Adams was unable to conference with the Plaintiff, Jerry Artho, because counsel does not possess a working telephone number for Mr. Artho.

*/s/ Darren Robert Hatch*
Darren Robert Hatch

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 15th day of February, 2019, a true and correct copy of this document was served on the following parties as indicated:

| | |
|---|---|
| Mr. Thomas C. Riney<br>RINEY & MAYFIELD, LLP<br>320 South Polk Street, Suite 600<br>Amarillo, Texas  79101 | Via ECF service: triney@rineymayfield.com |
| Mr. Dennis Olson<br>OLSON NICOUD & GUECK, LLP<br>10440 North Central Expressway, Suite 1100<br>Dallas, Texas  75231 | Via ECF service: denniso@dallas-law.com |
| Mr. Jerry Artho, *pro se*<br>P.O. Box 6333<br>Paris, Texas  75461 | Via ECF service:<br>trade@brokerslandandcattle.com |
| Ms. Cheryl Wilcoxson<br>U.S. Trustee | Via ECF service |
| Mr. C. Jared Knight<br>BURDETT MORGAN WILLIAMSON & BOYKIN, LLP<br>701 South Taylor Street, Suite 440, LB 103<br>Amarillo, Texas  79101 | Via email: jknight@bmwb-law.com |

All creditors and parties in interest registered with the U.S. Bankruptcy Court to receive electronic notices in this case.

                                                */s/ Darren Robert Hatch*
                                                Darren Robert Hatch